Anna Lee Spires JUDD et al.,
Appellant,

v.

Ed AIKEN, Jr., Appellee.

No. 4628.

Court of Civil Appeals of Texas,
Eastland.

July 13, 1973.

Rehearing Denied Aug. 3, 1973.

WALTER, Justice.

Ed Aiken, Jr., as trustee for R. Temple Dickson and/or Don Aiken, recovered a declaratory judgment against Anna Lee Spires Judd declaring that she was competent to execute a contract and deed and for specific performance of the contract to convey 996.83 acres of land in Nolan County. Mrs. Judd has appealed and contends the court erred in submitting the following issue and definition:

"Do you find from a preponderance of the evidence that at the time Anna Lee Spires Judd executed the contract in question she had the mental capacity to do so?

Answer 'We do' or 'We do not'."

The jury answered "We do".

"By the term 'mental capacity' is meant the possession of sufficient mind and memory to understand the nature and effect of her act in executing said contract."

She contends also the court erred in refusing her requested special issues which are as follows:

"Defendants' Requested Special Issue No. 1.

Do you find from a preponderance of the evidence that at the time Anna Lee Spires Judd executed the contract in question she was not a habitual drunkard?

Answer: 'She was a habitual drunkard' or 'She was not a habitual drunkard'.

Answer: _____

By the term 'habitual drunkard' is meant a person who by the habitual use of intoxicating liquor or drugs is incapable of taking care of himself or managing his property and financial affairs."

———◆———

Charles Griggs, Nunn, Griggs, Beall & Wilks, Sweetwater, Charles B. Jones, Evans, Pharr, Trout & Jones, Lubbock, for appellant.

R. Temple Dickson, Mays, Moore, Dickson & Roberts, Sweetwater, for appellee.

"Defendants' Requested Special Issue No. 2.

Do you find from a preponderance of the evidence that at the time Anna Lee Spires Judd executed the contract in question she was a habitual drunkard?

Answer: 'She was a habitual drunkard' or 'She was not a habitual drunkard'.

Answer: _____

By the term 'habitual drunkard' is meant a person who by reason of the habitual use of intoxicating liquor or drugs is incapable of taking care of himself or managing his property and financial affairs."

"Defendants' Requested Special Issue No. 3.

Do you find from a preponderance of the evidence that at the time Anna Lee Spires Judd executed the contract in question she had been restored to sober habits?

Answer: 'She had been restored' or 'She had not been restored'.

Answer: _____ "

Mrs. Judd was adjudged a habitual drunkard on November 14, 1966, and her brother, LeRoy Spires, was appointed her guardian. The order of appointment, among other things, recited:

"The Court further finds that personal citation to Anna Lee Judd in Dallas County, Texas, had been duly issued, served, and returned upon her and that she has filed no answer and no contest has been filed on her behalf; the Court further finds that at this time there is no necessity for the appointment of a guardian of the estate of Anna Lee Judd; . . . The oath and bond as heretofore entered in this cause, is, of course, continued in force and effect as the qualification of LeRoy Spires, Jr., as such temporary guardian. The said LeRoy Spires, Jr. not having custody, control, or authority with reference to the fiscal affairs and property of Anna Lee Judd, no accounting is herein required."

Tex.Prob.Code Ann. § 3, V.A.T.S. provides as follows:

"(n) 'Habitual drunkard' and 'common drunkard' are synonymous and denote one who, by reason of the habitual use of intoxicating liquor or of drugs, is incapable of taking care of himself or managing his property and financial affairs."

"(p) 'Incompetents' or 'Incompetent persons' are persons non compos mentis, idiots, lunatics, insane persons, common or habitual drunkards, and other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs."

"(y) 'Persons of unsound mind' are persons non compos mentis, idiots, lunatics, insane persons, and other persons who are mentally incompetent to care for themselves or to manage their property and financial affairs."

All parties agree that the prima facie presumption of incompetence at all times subsequent to the adjudication is subject to rebuttal.

Mr. Spires agreed that Mr. Aiken's purchase of his sister's land at $67.00 per acre was a fair price. Mrs. Judd listed her ranch with E. H. Lindsey, a real estate agent in Amarillo, Texas. He testified that Mrs. Judd was sober, competent and understood the nature and consequences of her act in signing the contract for the sale of her ranch. His testimony was not contradicted.

We hold that the issue and definition submitted by the court was proper. Our conclusion is supported by Haile v. Holtzclaw, 400 S.W.2d 603 (Tex.Civ.App.1966) and the Supreme Court case, Haile v. Holtzclaw, 414 S.W.2d 916 (Sup.Ct.1967).

We have considered all of Appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.